IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUSTY SEATON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1116 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Dusty Seaton, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Seaton was convicted of the disciplinary offense of possession of a weapon on July 2, 2015, receiving punishments of 45 days of cell, commissary, and telephone restrictions, reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 30 days of good time credits. The evidence showed that a weapon consisting of a six-inch piece of flat metal sharpened to a point was discovered in his cell while Seaton was in the dayroom.

In his federal habeas corpus petition, Seaton argued that he was denied due process because his cellmate, Darius Williams, would not admit to the weapon and he, Seaton, was not in his cell where the weapon was found but was in the dayroom. He also contended that he was subjected to cruel and unusual punishment because he was punished as a result of a false conviction.

1

The Respondent has filed an answer arguing that Seaton's cruel and unusual punishment claim was not exhausted because Seaton did not raise it in his grievances. The Respondent also maintained that Seaton received the process he was due, sufficient evidence was offered to support the finding of guilt including Officer Rentala's testimony at the hearing, and Seaton failed to show that the punishment was cruel and unusual.

Seaton filed a response contending that Officer Rentala was not present at the hearing and that it was Officer Mares who testified at his hearing, saying that he, Mares, had found the weapon. However, according to Seaton, Williams was also charged with possession of the weapon and Officer Rentala testified at Williams' hearing that he, Rentala, had found the weapon. Seaton also argued that the weapon was found underneath the cell bars, an area which was accessible to almost 190 other inmates, so all of these other inmates should have been charged as well.

**II. The Report of the Magistrate Judge**

The Magistrate Judge summarized the facts and the arguments of the parties and reviewed the recording of the disciplinary hearing. This recording showed that Officer Rentala testified at Seaton' disciplinary hearing and stated that he, Rentala, was involved in a search of 1 Row when Officer Mares discovered the weapon. The weapon was not accessible from outside the cell although a person standing on the run could touch it. Seaton testified and said that he was in the dayroom and not within 100 feet of the weapon, and Williams testified that Seaton had no knowledge of the weapon and that Seaton had been in the dayroom.

The Magistrate Judge determined that the fact that the weapon had been found in Seaton's cell, in a place where a person on the run could not access it, was sufficient evidence upon which to base a finding of guilt under the doctrine of constructive possession, citing *Santiago v. Nash*, 224 F.App'x 175, 2007 U.S. App. LEXIS 6886, 2007 WL 869031 (3rd Cir., March 23, 2007), as well as *McClung v. Hollingsworth*, slip op. no. 06-6699, 2007 U.S. App. LEXIS 9558, 2007 WL 1225946 (4th Cir., April 26, 2007) *and Menefee v. Director, TDCJ-CID*, civil action no. 6:07cv314, 2008 U.S. Dist. LEXIS 44263, 2008 WL 2359970 (E.D.Tex., June 5, 2008). Because some evidence

supported the disciplinary conviction, the Magistrate Judge concluded that Seaton's challenge to the sufficiency of the evidence lacked merit, citing *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001).

The Magistrate Judge also determined that Seaton's claim of cruel and unusual punishment was in effect a claim of actual innocence, which is not a free-standing ground for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Reed v. Stephens*, 739 F.3d 753, 765 (5th Cir. 2014). The Magistrate Judge therefore recommended that Seaton's petition for habeas corpus relief be denied and that Seaton be denied a certificate of appealability *sua sponte*.

### III. Seaton's Objections to the Report

In his objections, Seaton argues that in the offense report, he was charged with being in his cell in possession of a weapon, but this is not possible because he was in the dayroom. The offense report charged him with possession of a weapon and said nothing about Seaton being in the cell with the weapon. As the Magistrate Judge correctly determined, the finding of the weapon in Seaton's living area, in a place where it could not be accessed from the run, is sufficient to satisfy the "some evidence" standard applicable to prison disciplinary cases. *Flannagan v. Tamez*, 368 F.App'x 586, 2010 U.S. App. LEXIS 4772, 2010 WL 759159 (5th Cir., March 5, 2010). This objection is without merit.

Seaton next contends that Officer Rentala was not involved in his hearing in any way, but that Officer Mares was called on the phone and testified. This is incorrect, as a review of the recording of the hearing makes clear. Seaton's objection on this point is without merit.

Seaton asserts that the weapon was in fact accessible from the run and that "if you listen to the audio of my hearing it will clearly show that the Respondent is wrong about this whole thing, it will prove that I was not in possession of a weapon as Officer Mares testified to." The district court cannot retry the disciplinary case, make credibility determinations, or conduct a *de novo* factual review. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith v. Rabelais*, 659

3

F.2d 539, 545 (5th Cir. 1981); *see Superintendent, Mass. Correctional Institution at Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

A review of the recording of the disciplinary hearing confirms that Officer Rentala testified at Seaton's hearing and that sufficient evidence was offered to support the finding of guilt. The fact that Seaton was in the dayroom at the moment that the weapon was found does not show that he was innocent, and in any event actual innocence is not a free-standing basis for federal habeas corpus relief. Seaton's objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Dusty Seaton is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So **ORDERED** and **SIGNED June 4, 2019.**

_____
Ron Clark, Senior District Judge